**Keith D. Karnes**, WSBA ID No. 35000
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR 97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KELLY J. FOLEY | Case No. |
| Plaintiff,<br>v. | COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT AND CONSUMER PROTECTION ACT |
| ACCOUNTS RETRIEVABLE SYSTEM, INC., JOHN J. MITCHELL dba THE LAW OFFICE OF JOHN J. MITCHELL | JURY REQUESTED |
| Defendant | |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Consumer Protection Act RCW 19.86 ("CPA").

COMPLAINT                                                                 Page 1

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here.

## PARTIES

4. Plaintiff Kelly J. Foley (hereinafter "Plaintiff") is a natural person who resides in the City of Kirkland, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Accounts Retrievable System, Inc. (hereinafter "Accounts Retrievable") is not licenced to conduct business in the state of Washington and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John J. Mitchell dba The Law Office of John J. Mitchell (hereinafter "Mitchell") is an attorney practicing in Bainbridge Island, Washington and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Defendants initiated a claim against Plaintiff in the Superior Court of Washington for King County, *Case No. 99-2-01022-1 SEA*, to collect a debt.

8. Defendants executed a writ of garnishment on Plaintiff's bank account and levied Plaintiff's safe deposit box.

9. In the writ of garnishment Defendants did not name a branch as a garnishee and was therefore limited to only garnishing deposits pursuant to RCW 6.27.080.

10. Plaintiff's attorney filed an exemption regarding the levied safe deposit box.

11. Defendants failed to answer the objection and release the writ of garnishment within the time allotted by RCW 6.27.160.

12. On June 17, 2009 Defendant Mitchell contacted Plaintiff directly regarding the garnishment.

13. On July 28, 2009 Plaintiff received four consecutive phone calls from a Howard Chase with Defendant Accounts Retrievable. Mr. Chase claimed he was with the King County District Court trying to contact Plaintiff regarding jury duty.

14. Defendant Accounts Retrievable claimed that Plaintiff had not responded to previous letters it sent Plaintiff and the situation needed to be handled now.

15. Defendant Accounts Retrievable further claimed that Plaintiff had missed his appearance at the King County District Court and the situation needed to be taken care of promptly. Plaintiff explained to Defendant he could not talk at the moment and Defendant claimed an arrest warrant would be issued for Plaintiff.

16. Plaintiff contacted the King County District Court. The Court confirmed they had no employee by the name of Howard Chase, did not use (866) numbers, and did not make calls like the one Plaintiff received.

17. As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(1), 1692e(5), 1692e(7), 1692e(10), 1692e(14), 1692f,

21. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II.

### CONSUMER PROTECTION ACT

### RCW 19.86 *et seq*.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants engaged in unfair and deceptive businesses, which constitutes a violation of RCW 19.86.020.

24. As a result of Defendants unfair and deceptive business practices, Plaintiff is entitled the reasonable attorney's fees and treble damages pursuant to RCW 19.86.090.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq.*

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

COUNT II.

CONSUMER PROTECTION ACT

RCW 19.86 *et seq.*

for an order enjoining Defendants from further violations of the Consumer Protection Act;

for an award of actual damages, pursuant to RCW 19.86.090, against each Defendant;

for an award of the costs of the suit including a reasonable attorney's fee, pursuant to RCW 19.86.090, against each Defendant;

for an award of treble damages not to exceed $10,000, pursuant to RCW 19.86.090, against each Defendant, to be determined by the Court;

DATED: October 28, 2009

_____
Keith D. Karnes, WSBA # 35000
Attorney for Plaintiff